UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: John L. Smith, | : Chapter 13 |
| Debtor | : Case No. 23-12838-mdc |
| _____ | : |
| | : |
| Delaware County Tax Claim Bureau, | : |
| Movant | : |
| | : |
| vs. | : |
| | : |
| John L. Smith and Ivi Linn Robinson, | : |
| Respondents | : |
| | : |
| and | : |
| | : |
| Kenneth E. West, | : |
| Trustee | : |

**MOTION OF TAX CLAIM BUREAU OF DELAWARE COUNTY
FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY
UNDER SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE
PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001 REGARDING
3805 STATE ROAD, UPPER DARBY TOWNSHIP AND
FOR A BAR ON FURTURE BANKRUPTCY FILINGS**

Movant, the Delaware County Tax Claim Bureau, by and through its counsel Toscani, Stathes & Zoeller, LLC hereby request relief from the Automatic Stay and Co-Debtor Stay for leave to sell certain real property owned by Debtor John L. Smith and non-filing co-owner Ivi Linn Robinson located at 3805 State Road, Upper Darby Township, Delaware County, Pennsylvania bearing folio number 16-10-01561-00 and a bar order regarding future bankruptcy cases and respectfully avers as follows:

1. Movant, the Delaware County Tax Claim Bureau, is a County Agency responsible for collecting past due real estate taxes in Delaware County, Pennsylvania.

2. John L. Smith ("Debtor") filed a petition seeking relief under Chapter 13 of the Bankruptcy Code on September 20, 2023.

1

3. Upon information and belief, Debtor is a partial owner of 3805 State Road, Upper Darby Township, Delaware County, Pennsylvania bearing folio number 16-10-01561-00 ("subject premises").

4. Upon information and belief, Ivi Linn Robinson is a non-filing co-owner of the subject premises. A true and correct copy of Movant's general information for the subject premises is attached hereto, made a part hereof and marked as Exhibit "A".

5. The Delaware County Tax Claim Bureau filed Proof of Claim 2 on September 29, 2023 for the 2018-2022 delinquent real estate taxes due on 3805 State Road, Upper Darby Township, Delaware County, Pennsylvania bearing folio number 16-10-01561-00 listed as a secured claim in the amount of $58,289.63 including interest at the rate of 9% on the entire claim ("Claim Number 2"). A true and correct copy of the Proof of Claim is attached hereto, made a part hereof and marked as Exhibit "B".

6. That Pennsylvania allows a tax claim bureau of a Second Class County to add nine percent (9%) interest on all delinquent real estate taxes turned over to the tax claim bureau for collection. The application of the interest charge is authorized by Section 306 of the Real Estate Tax Sale Law, Act 542 of 1947 as amended. Codified at 72 P.S. §5860.101, *et seq*.

7. Upon information and belief, Debtor is familiar with the bankruptcy system as a result of his prior, although unsuccessful, Chapter 13 bankruptcy filings.

8. Debtor filed a Chapter 13 petition at 19-17732-mdc on December 12, 2019, wherein:
    a. At the time of filing Debtor owed the 2017-2018 real estate taxes on the subject premises.
    b. Debtor reported a monthly real estate tax expense of $667.00 for current and

future real estate taxes. A true and correct copy of the 2019 Schedule J is attached hereto, made a part hereof and marked as Exhibit "C".

    c. Debtor did not pay the 2019, 2020 or 2021 real estate taxes due on the subject premises during this case.

    d. The case was dismissed on February 22, 2022.

9. Debtor filed a Chapter 13 petition at 22-12528-mdc on September 21, 2022, wherein:

    a. At the time of filing Debtor owed the 2018-2021 real estate taxes on the subject premises.

    b. Debtor reported a monthly real estate tax expense of $483.00 for current and future real estate taxes. A true and correct copy of the 2022 Schedule J is attached hereto, made a part hereof and marked as Exhibit "D".

    c. Debtor did not pay the 2022 real estate taxes due on the subject premises during this case.

    d. The case was dismissed on February 24, 2023.

10. All three (3) of Debtor's bankruptcy petitions were filed before a scheduled delinquent real estate tax sale of the subject premises thereby engaging the Automatic Stay to thwart Movant's efforts to collect the delinquent real estate taxes due on the subject premises.

11. In 2019, Debtor acknowledged the 2019 and future real estate tax liabilities on Schedule J, but did not pay the 2019, 2020 or 2021 real estate taxes when due. See Exhibits "B" and "C".

12. In 2022, Debtor acknowledged the 2022 and future real estate tax liabilities on Schedule J, but did not pay the 2022 real estate taxes when due. See Exhibits "B" and "D".

13. Between February 24, 2023 and September 20, 2023 Debtor did not pay his delinquent

real estate taxes due on the subject premises. See Exhibit "B".

14. The collection of real estate taxes is essential to the funding of the County government, local government and the school district.

15. Debtor filed Schedule I on October 31, 2023 and does not anticipate any changes in his income. A true and correct copy of Schedule I is attached hereto, made a part hereof and marked as Exhibit "E".

16. Debtor filed Schedule J on October 31, 2023 stating a monthly budget for current and future real estate taxes of $667.00 and reporting disposable income of $238.81. Debtor does not anticipate any changes in his expenses. A true and correct copy of Schedule J is attached hereto, made a part hereof and marked as Exhibit "F".

17. Although Debtor reported a monthly real estate tax expense of $667.00 in 2023, Debtor did not pay the 2023 County real estate taxes due on the subject premises by December 31, 2023. See Exhibit "A".

18. Debtor filed a Chapter 13 Plan on October 31, 2023 with a proposed monthly payment of $752.00 for 60 months. A true and correct copy of the Plan is attached hereto, made a part hereof and marked as Exhibit "G".

19. Debtor's monthly disposable income is $238.81 which would result in a total plan funding of $14,328.60 over 60 months. See Exhibits "F" and "G".

20. Debtor's Chapter 13 Plan purports to pay Movant $37,648.22 resulting in the plan being underfunded by $20,641.41, not including the Trustee commission, for Claim Number 2. In fact, the total plan funding of $45,120.00 is not sufficient to pay Movant's Claim Number 2. See Exhibits "B" and "G"

21. The Plan does not make note of Claim Number 2, although the claim was filed more than

30 days before the Plan was filed. Furthermore, Debtor's Plan does not differentiate between Movant's Claim Number 2 and Claim Number 3 (filed for 0 State Road bearing folio number 16-10-010560-00) rendering the Plan unclear as to the intent of the purported, albeit underfunded, payment to Movant. A true and correct copy of Claim Number 3 is attached hereto, made a part hereof and marked as Exhibit "H".

22. Upon information and belief, Debtor does not intend to reorganize his debts but to merely continue to delay the delinquent real estate tax sale of the subject premises as Debtor lacks the disposable income necessary to reorganize. See Exhibits "B", "E", "F" and "G".

23. Debtor's lack of intent and ability to reorganize are evidenced by:
    a. Debtor's inability or refusal to pay the 2019 through 2022 real estate taxes when due although reporting a monthly expense for said real estate taxes;
    b. Debtor's failure to pay the ongoing real estate taxes due on the subject premises during his multiple bankruptcy filings;
    c. Debtor's lack of income to support his monthly expenditures:
    d. Debtor's lack of income to fund a feasible Chapter 13 Plan;
    e. Debtor's failure to file a feasible and fully funded Plan to reorganize his debts under Chapter 13 of the Bankruptcy Code.

24. Debtor's lack of good faith is evidenced by:
    a. The failure to identify and pay Movant's Claim Number 2 in his Chapter 13 Plan;
    b. Debtor's report of a real estate tax expense on Schedule J without either the ability nor intent to pay the real estate taxes;
    c. Debtor's multiple bankruptcy filings without any meaningful reduction in the delinquent real estate taxes due resulting in a substantial and significant increase

in the delinquent real estate taxes due;

    d. Debtor's failure to pay the 2023 real estate taxes while reporting an expense for said real estate taxes suggest Debtor did not act in good faith in his 2023 bankruptcy filing.

25. Debtor's lack of income, three bankruptcy cases and six years of unpaid real estate taxes due on the subject premises is evidence of Debtor's lack of good faith and reveals Debtor's multiple bankruptcy filings are a scheme to hinder and delay Movant's attempts to collect the delinquent real estate taxes due on the subject premises.

26. Movant lacks adequate protection as Movant lacks the financial ability to reorganize, did not pay his post-petition real estate taxes, and is incapable of funding a feasible Chapter 13 Plan.

27. Cause exists to grant Movant relief from the Automatic Stay when a debtor fails to pay a post-petition obligation to the moving party. In the instant case, the Debtor did not pay the 2023 County real estate taxes due. See Exhibit "A".

28. Bad faith or, alternatively, the lack of good faith, in filing the Petition is a sufficient basis for the granting of relief of the Automatic Stay.

29. Debtor's inability and/or lack of intent to reorganize is sufficient basis for granting relief from the Automatic Stay.

30. The subject premises could not be exposed to another delinquent real estate tax sale until September 2024. Therefore, a bar order is necessary to allow Movant to sell the subject premises and collect the unpaid real estate taxes due at the September 2024 Upset Price Tax Sale and then, if necessary, at the May 2025 Judicial Real Estate Tax Sale.

**WHEREFORE,** the Delaware County Tax Claim Bureau respectfully requests this

Honorable Court to enter an Order granting relief from the Automatic Stay and Co-Debtor Stay with regards to the Delaware County Tax Claim Bureau and 3805 State Road, Upper Darby Township, Delaware County, Pennsylvania bearing folio number 16-10-01560-00 to allow the Delaware County Tax Claim Bureau to complete the sale of said real property, that no future bankruptcy case filed within two years of the date of the Order will act as an automatic stay with regards to the property at 3805 State Road, Upper Darby Township, Delaware County, Pennsylvania bearing folio number 16-10-01560-00, except for good cause being shown, and that Rule 4001 (a)(3) is not applicable to the Delaware County Tax Claim Bureau.

        Respectfully submitted:

        **TOSCANI, STATHES & ZOELLER, LLC**

**Dated:  1/17/24**        BY:  /s/ Stephen V. Bottiglieri
        Stephen V. Bottiglieri, Esquire
        Counsel to the Delaware County Tax Claim Bureau
        899 Cassatt Rd, Ste 320
        Berwyn, PA 19312
        610-647-4901
        sbottiglieri@tszlegal.com